# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

**VALERIE WILKINSON,**

      Plaintiffs,

      v.                                  Case No. 26-CV-00777

**NOVIR, LLC and ALEXANDER KEMPE,**

      Defendants.

## COMPLAINT

Plaintiff, Valerie Wilkinson, for her complaint against Defendants, Novir, LLC and Alexander Kempe, alleges as follows:

## PARTIES

1. Valerie Wilkinson is an adult resident of Milwaukee County in the State of Wisconsin.

2. Novir, LLC is a limited liability company organized under the laws of Wisconsin. Its principal office is located at 126 North Jefferson Street, Suite 100, Milwaukee, WI 53202. Its registered agent is Alexander Kempe, 126 North Jefferson Street, Suite 100, Milwaukee, WI 53202.

3. On information and belief, Alexander Kempe is an adult resident of Milwaukee County in the State of Wisconsin.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over Wilkinson's Fair Labor Standards Act ("FLSA") claims under 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over Wilkinson's Wisconsin state law claims under 28 U.S.C. § 1367 because those claims are so related to Wilkinson's FLSA claim that they form a part of the same case or controversy.

6. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district and under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district.

## FACTUAL ALLEGATIONS

7. Novir, LLC is a biotechnology company based in Milwaukee, Wisconsin.

8. Kempe is the president and chief executive officer of Novir, LLC.

9. On information and belief, in each of the two years preceding the filing of this action, Novir LLC's gross annual business was $500,000 or more.

10. In each of the two years preceding the filing of this action, Novir, LLC had employees engaged in the production of goods for interstate commerce.

11. In each of the two years preceding the filing of this action, Novir, LLC has had employees handling, selling, or otherwise working on goods that have been moved in or produced for interstate commerce.

12. At all times relevant to this matter, Kempe exercised control over Novir, LLC's pay and other human resources practices, including Wilkinson's pay and hours worked.

13. Novir, LLC hired Wilkinson as the company's director of clinical operations in September 2024.

14. At the outset of her employment, Novir, LLC agreed to pay Wilkinson an annual salary of $135,000 in exchange for Wilkinson performing duties as the company's director of clinical operations.

15. Prior to February 23, 2025 and after March 22, 2025, Novir, LLC paid Wilkinson's annual salary in bi-weekly installments of $5,192.31.

16. Wilkinson performed her duties as the director of clinical operations from September 2024 through January 20, 2026.

17. Wilkinson worked as Novir, LLC's director of clinical operations in Wisconsin.

18. As Novir, LLC's director of clinical operations, Wilkinson regularly communicated through the telephone and the internet to customers, vendors, and coworkers outside of Wisconsin.

19. Wilkinson worked an average of 50 hours per workweek during each workweek between February 23, 2025, through March 22, 2025.

20. Novir, LLC did not pay Wilkinson at her agreed-upon salary for the work she performed from February 23, 2025, through March 22, 2025.

21. Novir, LLC did not pay Wilkinson any wages for the work she performed from February 23, 2025, through March 22, 2025.

22. Kempe made the decision that Novir, LLC would not pay Wilkinson any wages for the work she performed from February 23, 2025, through March 22, 2025.

23.     As a result of the actions of Novir, LLC and Kempe as alleged herein, Wilkinson has suffered financial damages in the loss of compensation for her work performed from February 23, 2025 through March 22, 2025.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF**
**THE FAIR LABOR STANDARDS ACT**

24.     Wilkinson realleges and incorporates by reference the allegations in the preceding paragraphs.

25.     Wilkinson brings her minimum wage claims under the Fair Labor Standards Act against Novir, LLC and Kempe.

26.     Novir, LLC has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

27.     Novir, LLC is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

28.     Wilkinson was Novir, LLC's employee within the meaning of 29 U.S.C. § 203(e).

29.     Kempe exerted sufficient control over the pay and hours worked of Wilkinson to be held personally liable for the violations alleged herein as an employer within the meaning of 29 U.S.C. § 203(d).

30.     As alleged above, between February 23, 2025 and March 22, 2025, Novir, LLC and Kempe failed to pay Wilkinson at a rate of $7.25 per hour for all hours worked in violation of the FLSA.

31. Novir, LLC and Kempe knew that, or showed reckless disregard for whether, their conduct violated the FLSA.

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF**
**THE FAIR LABOR STANDARDS ACT**

32. Wilkinson realleges and incorporates by reference the allegations in the preceding paragraphs.

33. Wilkinson brings her overtime claims under the Fair Labor Standards Act against Novir, LLC and Kempe.

34. Novir, LLC has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

35. Novir, LLC is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

36. Wilkinson was Novir, LLC's employee within the meaning of 29 U.S.C. § 203(e).

37. Kempe exerted sufficient control over the pay and hours worked of Wilkinson to be held personally liable for the violations alleged herein as an employer within the meaning of 29 U.S.C. § 203(d).

38. As alleged above, between February 23, 2025 and March 22, 2025, Novir, LLC and Kempe failed to pay Wilkinson at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

39. Novir, LLC and Kempe knew that, or showed reckless disregard for whether, their conduct violated the FLSA.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF WISCONSIN LAW

40. Wilkinson realleges and incorporates by reference the allegations in the preceding paragraphs.

41. Wilkinson brings her minimum wage claims under Wisconsin law against Novir, LLC and Kempe.

42. Novir, LLC has been, and continues to be, an employer within the meaning of Wis. Stat. § 104.01(3), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 272.01(5).

43. Wilkinson was an employee of Novir, LLC within the meaning of Wis. Stat. § 104.01(2), Wis. Stat. § 109.01(1r), and Wis. Admin. Code § DWD 272.03.

44. Kempe exerted sufficient control over the pay and hours worked of Wilkinson to be held personally liable for the violations alleged herein as an employer within the meaning of Wis. Stat. § 104.01(3), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 272.01(5).

45. As alleged above, between February 23, 2025 and March 22, 2025, Novir, LLC and Kempe failed to pay Wilkinson at a rate of $7.25 per hour for all hours worked in violation of the Wisconsin law.

46. Novir, LLC and Kempe's violations of Wisconsin law were for dilatory and/or unjust reasons.

## FOURTH CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF
## WISCONSIN LAW

47. Wilkinson realleges and incorporates by reference the allegations in the preceding paragraphs.

48. Wilkinson brings her overtime claims under Wisconsin law against Novir, LLC and Kempe.

49. Novir, LLC has been, and continues to be, an employer within the meaning of Wis. Stat. § 103.01(1), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 274.03.

50. Wilkinson was an employee of Novir, LLC within the meaning of Wis. Stat. § 103.001(5), Wis. Stat. § 109.01(1r), and Wis. Admin. Code § DWD 274.03.

51. Kempe exerted sufficient control over the pay and hours worked of Wilkinson to be held personally liable for the violations alleged herein as an employer within the meaning of Wis. Stat. § 103.01(1), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 274.03.

52. As alleged above, between February 23, 2025 and March 22, 2025, Novir, LLC and Kempe failed to pay Wilkinson at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of Wisconsin law.

53. Novir, LLC and Kempe's violations of Wisconsin law were for dilatory and/or unjust reasons.

## FIFTH CLAIM FOR RELIEF:
## BREACH OF CONTRACT

54. Wilkinson realleges and incorporates by reference the allegations in the preceding paragraphs.

55. Wilkinson brings her contract claim under Wisconsin law against Novir, LLC.

56. Wilkinson and Novir, LLC are parties to valid contract in which Novir, LLC offered to pay Wilkinson an annual salary of $135,000 in exchange for her work performed for Novir, LLC.

57. Novir, LLC materially breached Wilkinson's employment contract when it did not pay Wilkinson her salary for work performed between February 23, 2025 and March 22, 2025.

## SIXTH CLAIM FOR RELIEF:
## UNJUST ENRICHMENT

58. Wilkinson pleads her sixth claim for relief in the alternative to her fifth claim for relief.

59. Wilkinson realleges and incorporates by reference the allegations in the paragraphs 1 – 13, 15 – 18, 20, 22.

60. Wilkinson brings her unjust enrichment claim under Wisconsin law against Novir, LLC.

61. Wilkinson conferred a benefit on Novir, LLC by performing her duties as director of clinical operations from February 23, 2025 through March 22, 2025.

62. Novir, LLC knew of the benefit that Wilkinson conferred through the performance of her duties as director of clinical operations from February 23, 2025 through March 22, 2025.

63. Novir, LLC retained the benefit that Wilkinson conferred through the performance of her duties as director of clinical operations from February 23, 2025 through March 22, 2025.

64. Novir, LLC did not pay Wilkinson for the benefit that she conferred through her duties as director of clinical operations from February 23, 2025 through March 22, 2025.

65. It would be inequitable to allow Novir, LLC to retain the benefit that she conferred through her duties as director of clinical operations from February 23, 2025 through March 22, 2025 without payment to Wilkinson.

66. Novir, LLC unjustly enriched itself by not paying Ms. Wilkinson for the benefit she conferred through her duties as director of clinical operations from February 23, 2025 through March 22, 2025.

<u>**SEVENTH CLAIM FOR RELIEF:**</u>
**QUANTUM MERUIT**

67. Wilkinson pleads her seventh claim for relief in the alternative to her fifth claim for relief.

68. Wilkinson realleges and incorporates by reference the allegations in the paragraphs 1 – 13, 15 – 18, 20, 22.

69. Wilkinson brings her quantum meruit claim under Wisconsin law against Novir, LLC.

70. Novir, LLC requested that Wilkinson perform services as the company's director of clinical operations.

71. Wilkinson performed services as Novir, LLC's director of clinical operations and reasonably expected to be compensated for such services performed.

72. The services Wilkinson performed as director of clinical operations were valuable to Novir, LLC.

73. There was an implied contract between Wilkinson and Novir, LLC for Novir, LLC to pay Wilkinson the reasonable worth of her services.

74. Novir, LLC did not pay Wilkinson the reasonable worth of her services for the period of February 23, 2025 through March 22, 2025.

**<u>REQUEST FOR RELIEF</u>**

Wilkinson requests the following relief:

A. Judgment against Novir, LLC in an amount equal to Wilkinson's unpaid overtime wages, unpaid minimum wages, liquidated damages, and civil penalties under the FLSA and Wisconsin wage and hour law;

B. Judgment against Novir, LLC in an amount equal to Wilkinson's unpaid salary under her employment contract or, in the alternative, the value of benefit Wilkinson conferred on Novir, LLC and the reasonable worth of the services Wilkinson performed for Novir, LLC.

C. Judgment against Kempe in an amount equal to Wilkinson's unpaid overtime wages, unpaid minimum wages, liquidated damages, and civil penalties under the FLSA and Wisconsin wage and hour law;

D.      An order declaring that Novir, LLC and Kempe violated the FLSA and Wisconsin wage and hour law;

E.      An order declaring that Novir materially breached Wilkinson's employment contract;

F.      An award of all costs and attorneys' fees incurred in the prosecution of this action pursuant to the FLSA and Wisconsin wage and hour law; and

G.      Any further relief that the Court deems just and equitable.

Dated: May 1, 2026

<div style="margin-left:40%">

s/Timothy P. Maynard
Timothy P. Maynard
State Bar No. 1080953
Connor J. Clegg
State Bar No. 1118534
Attorneys for Plaintiff
Hawks Quindel, S.C.
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
E-mail:    tmaynard@hq-law.com
            cclegg@hq-law.com

</div>